United States District Court
Southern District of Texas
**ENTERED**
December 29, 2016
David J. Bradley, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EMILIO DE LA GARZA-MONTEMAYOR, Movant, | § § § § | |
| v. | § § | Civil Action No. B-16-292 (Criminal No.  B-15-436-1) |
| UNITED STATES OF AMERICA, Respondent. | § § § | |

## <u>MAGISTRATE JUDGE'S</u>
## <u>REPORT AND RECOMMENDATION</u>

The Court is in receipt of Emilio de la Garza-Montemayor's "Motion to Modify and Reduce Sentence" (hereinafter, De la Garza-Montemayor's "Motion").  Dkt. No. 1.  De la Garza-Montemayor's Motion attacks his 2016 judgment of conviction and sentence in this District Court.  *See United States v. Emilio de la Garza-Montemayor*, 1:15cr00436-1, Dkt. No. 57.[1]  De la Garza-Montemayor's appeal in *United States v. Emilio de la Garza-Montemayor* is still pending, and resolution of his appeal may moot or otherwise affect the requests for relief set forth in his instant Motion.  Therefore, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and for the reasons provided below, it is recommended that De la Garza-Montemayor's Motion and case

---

[1]  Hereinafter, De la Garza-Montemayor's criminal case docket entries ("CR Dkt. Nos.") will be referred to only by their docket entry numbers.

be summarily dismissed without prejudice.[2]  Additionally, it is recommended that the Court decline to issue a certificate of appealability.

## I. Background

On June 18, 2015, De la Garza-Montemayor pleaded guilty, without a plea agreement, in this District Court to being an alien unlawfully found in the United States after deportation, having been previously convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b).  *See* CR Dkt. No. 57 at 1.  On July 7, 2016, Senior United States District Judge Hilda Tagle sentenced De la Garza-Montemayor to 48 months of imprisonment.  *Id*. at 1-2.  Judgment was entered on July 19, 2016.  *Id*. at 1.  On or about July 8, 2016, De la Garza-Montemayor filed a Notice of Appeal.  CR Dkt. No. 52.  On or about November 7, 2016, De la Garza-Montemayor filed his instant Motion.  Dkt. No. 1.  In his Motion, De la Garza-Montemayor asks the Court for a modification or reduction in sentence based upon "an Amendment to the existing [sentencing] guidelines affecting Illegal Re-entry, which entered into effect on November 1, 2016."  *Id*. at 1 (errors in original).

The Court has verified that De la Garza-Montemayor's appeal of his judgment of conviction and sentence in *United States v. Emilio de la Garza-*

---

[2]  De la Garza-Montemayor's Motion was docketed as a motion brought pursuant to 28 U.S.C. § 2255.  Because his Motion is vaguely worded and makes no reference to 28 U.S.C. § 2255, De la Garza-Montemayor's intent to proceed under § 2255 is not clear.  Regardless, at this juncture the Court need not, and does not, construe his Motion as one brought pursuant to 28 U.S.C. § 2255, or any other provision, because the dismissal recommended herein is without prejudice.  Additionally, for the reasons provided below, it is inappropriate to obtain more information from De la Garza-Montemayor, or otherwise entertain his Motion, while his direct appeal is still pending.

*Montemayor*, 1:15cr00436-1 is still pending. *See Emilio de la Garza-Montemayor v. United States*, No. 16-41009 (5th Cir., filed July 8, 2016). In fact, the briefing before the Fifth Circuit Court of Appeals was only complete as of December 12, 2016. *See id.,* Entry dated December 12, 2016.

## II.     28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The nature of a § 2255 collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If an error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

## III.  Discussion

De la Garza-Montemayor's appeal of his judgment of conviction and sentence is still pending. *See Emilio de la Garza-Montemayor v. United States*, No. 16-41009 (5th Cir., filed July 8, 2016). "The general rule is that, absent extraordinary

circumstances, criminal defendants may not seek collateral relief, including the filing of a § 2255 motion, during the pendency of a direct appeal, as the disposition of the appeal may render the motion moot." *Lopez v. United States*, Civil Action No. 10-00242-WS, 2010 WL 2574182, at *2  (S.D. Ala., May 20, 2010) (collecting cases); *see also United States v. Robinson*, 8 F.3d 398, 405–06 (3rd Cir. 1993) (the general rule is that, absent extraordinary circumstances, district courts should not consider collateral motions, including § 2255 motions asserting ineffective assistance of counsel, if a direct appeal is pending).  Consistent with this general rule, the Fifth Circuit has held that "a criminal defendant may not collaterally attack his conviction until it has been affirmed on direct appeal." *Fassler v. United States*, 858 F.2d 1016, 1019 (5th Cir. 1998) (citing *Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972)).  *See also Welsh v. United States*, 404 F.2d 333, 333 (5th Cir. 1968) (a § 2255 motion "will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot."), *abrogated on other grounds by United States v. Ortega*, 859 F.2d 327, 334 (5th Cir. 1988); *Stark v. Holder*, No. 3:14-CV-2920, 2014 WL 5013742, at *5 (N.D. Tex., Oct. 7, 2014) (same) (citing *Jones*, 453 F.2d 351, 352 and *Robinson*, 8 F.3d 398, 405-06).

Thus, because De la Garza-Montemayor is still pursuing a direct appeal, his instant Motion is premature.  The outcome of his appeal could moot his alleged requests for relief.  Consistent with the general rule, then, it is inappropriate to address his Motion prior to the resolution of his direct appeal because no extraordinary circumstances mandating immediate review are present on the

record before the Court.  "In such a situation," the defendant's motion "should be dismissed without prejudice to refiling after resolution of the direct appeal." *Hernandez–Muniz v. United States*, No. B-09-143, 2009 WL 2253249, at *1 (S.D. Tex. July 28, 2009) (citing *United States v. Fantozzi*, 90 F. App'x. 73, 74 (5th Cir. 2004)); *See also United States v. Ferguson*, H-09-604-1, 2010 WL 2698615, at *1 (S.D. Tex., July 7, 2010) (same).  Accordingly, De la Garza-Montemayor's Motion and case should be dismissed without prejudice to refiling.

## IV.  Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted).  Said another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id*. at 484.  Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that

jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case because De la Garza-Montemayor has not made a substantial showing of the denial of a constitutional right.

## V.  Recommendation

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, it is recommended that De la Garza-Montemayor's Motion (Dkt. No. 1) and case be summarily dismissed without prejudice. Additionally, it is recommended that the Court decline to issue a certificate of appealability.

## VI.  Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 29th day of December, 2016.

Ignacio Torteya, III
United States Magistrate Judge